## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**EDNA M. DAWSON,**

    **Plaintiff,**

**v.**                                                **Case No.  8:04-cv-1251-T-30TBM**

**DONALD H. RUMSFELD, Secretary,**
**Department of Defense, etc.,**

    **Defendant.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss First Amended Complaint or Alternatively to Transfer (Dkt. 27).  Upon review and consideration, this Court finds that Defendant's Motion is **GRANTED in part and DENIED in part**[1] and this cause is transferred to the United States District Court for the Eastern District of Virginia.

## DISCUSSION

Plaintiff Edna Dawson (hereinafter "Plaintiff") has filed suit against Defendant alleging *inter alia* that during her employment with the Overseas Department of Defense Dependent Schools in Stuttgart, West Germany, she was subjected to discrimination and

---

[1] Defendant has alleged several grounds on which to dismiss Plaintiff's First Amended Complaint, namely lack of subject matter jurisdiction as to Counts I and II, failure to exhaust administrative remedies as to Count IV, improper venue as to Count I, and lack of personal jurisdiction (Dkt. 27 at 1-2).  While this Court agrees with Defendant that this court lacks jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3), the court disagrees with Defendant that personal jurisdiction is lacking due to Plaintiff's failure to effectuate service on Defendant.  Through the filing of the instant Motion, Defendant has submitted himself personally to the jurisdiction of this court.  As such, Defendant's Motion to Dismiss as said motion relates to lack of personal jurisdiction for Plaintiff's failure to effectuate service on Defendant is **DENIED**.  This Court will refrain from ruling on Defendant's remaining grounds for dismissal and leave the disposition of those issues to the United States District Court for the Eastern District of Virginia.

harassment based on her race, African American (Dkt. 26). Plaintiff alleges that the unlawful employment actions referenced in her Complaint and on which she bases her suit occurred in Stuttgart, West Germany (Dkt. 26 at 1).

Pursuant to 42 U.S.C. §2000e-5(f)(3), Plaintiff's discrimination claim can be brought "in the judicial district in which the employment records relevant to such practice are maintained and administered." 42 U.S.C. §2000e-5(f)(3) (2005). According to the affidavit of Paul Wolfe, filed in support of Defendant's Motion (Dkt. 28), those employment records relevant to Plaintiff's claims are maintained and administered at the Department of Defense Education Activity's headquarters in Arlington, Virginia (Dkt. 28). There are no allegations within the complaint nor any information on the record indicating that any unlawful employment practices allegedly committed by Defendant occurred in this district or that Plaintiff would have worked in this district but for the alleged unlawful employment practice of Defendant. *See* 42 U.S.C. §2000e-5(f)(3) (2005). Accordingly, the United States District Court for the Eastern District of Virginia is the proper venue for this action.

It is therefore ORDERED and ADJUDGED that:

1. Defendant's Motion to Dismiss First Amended Complaint or Alternatively to Transfer (Dkt. 27) is **GRANTED in part and DENIED in part**.

2. The Clerk is ordered to transfer this matter to the United States District Court for the Eastern District of Virginia.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-1251 Motion to Dismiss.wpd